THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| B.K. TSE,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ARNOLD CHIN, *et al.*,<br><br>　　　　　　　　Defendants. | CASE NO. C22-0088-JCC<br><br>ORDER |

This matter comes before the Court upon *sua sponte* review of Plaintiff's complaint (Dkt. No. 6) under 28 U.S.C. § 1915(e)(2)(B). Plaintiff, proceeding *pro se*, filed an application to proceed *in forma pauperis* with his complaint. (Dkt. No. 1.) On February 3, 2022, the Honorable Michelle L. Peterson, United States Magistrate Judge, granted Plaintiff's motion. (Dkt. No. 5.) Summons has not yet issued.

A complaint filed by any person seeking to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir.2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). This power to *sua sponte* dismiss the complaint may be invoked "at any time" the court finds that the plaintiff has failed to state a claim. *Teahan v. Wilhelm*, 481 F.

Supp. 2d 1115, 1119 (S.D. Cal. 2007) (citing § 1915(e)(2)(B)(ii)).

To avoid dismissal for failure to state a claim upon which relief may be granted, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support one. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

The Court holds *pro se* plaintiffs to less stringent pleading standards than represented plaintiffs and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Nevertheless, section 1915(e) "not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Lopez*, 203 F.3d at 1229. When dismissing a complaint under section 1915(e), the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, it is clear that Plaintiff's complaint fails to state a claim upon which relief can be granted. Although the Court construes his pleadings liberally, even a "liberal interpretation. . . . may not supply elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982).

Plaintiff filed a *pro se* "Third-Party Complaint" form. (Dkt. No. 1-1 at 1.) But a third-party complaint does not commence a new action. Rather, it allows a defendant to become a sort of plaintiff itself (called a "third-party plaintiff") by serving a summons and complaint on a non-party who the third-party plaintiff believes should be held responsible for all or part of the claim against the third-party plaintiff (*i.e.*, the original defendant) in an existing action. *See* Fed. R. Civ. P. 14(a)(1). This complaint ostensibly should have been filed and served in an existing case

1 where Plaintiff is the original defendant.[1]

2      Further, Plaintiff's complaint lacks supporting facts or a cognizable legal theory. Plaintiff states that "[c]ondominium sold at one half market value due to damages incurred by unauthorized Third-Party Defendant of fraudulent security clearance." (Dkt. No. 1-1 at 4.) This is all but incomprehensible because it is not clear what events Plaintiff is describing, if any, what parties he alleges were involved in such acts, or how this information entitles Plaintiff to relief. As it is absolutely clear the complaint could not be cured by amendment, the Court declines to grant leave to amend it. *See Cato*, F.3d at 1106.

     Based on the forgoing, the Court DISMISSES Plaintiff's complaint with prejudice.

     DATED this 11th day of March 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] The form includes reference to the number "KCSC 07-28633-2sea," which could be a King County Superior Court case number, but there is not enough information for the Court to conclusively discern its relevance. (Dkt. No. 1-1 at 4.)